19-860-cv
*Woolf v. Strada, et al.*,

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
                 ROBERT D. SACK,
                             *Circuit Judges*,
                 KATHERINE POLK FAILLA,
                             *District Judge.* [*]

---

RONALD WOOLF,

                 *Plaintiff-Appellant*,

                 v.

MELISSA STRADA, INDIVIDUALLY, MATHEW ASMAN,
INDIVIDUALLY,  JIM NIZIOLEK, INDIVIDUALLY,
ANDREW BOWYER, INDIVIDUALLY, BLOOMBERG L.P.,                    19-860-cv

                 *Defendants-Appellees*,

GARY KOTOVETS, MICHAEL MORRIS, INDIVIDUALLY,

                 *Defendant.*

---

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Abraham Z. Melamed, Derek Smith Law Group, PLLC, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | David Wayne Garland (Edward M. Yennock, *on the brief*) Epstein Becker & Green P.C., New York, NY. |

Appeal from a March 8, 2019 judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Ronald Woolf ("Woolf") appeals from a March 8, 2019 judgment entered in favor of Defendants-Appellees Bloomberg L.P., his former employer, and his direct supervisors (jointly, "Bloomberg"). The District Court granted summary judgment in favor of Bloomberg on Woolf's claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), impairment and retaliation under the Family and Medical Leave Act ("FMLA"), and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). The District Court also declined to exercise supplemental jurisdiction over Woolf's remaining state law claims of discrimination and retaliation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In an opinion *per curiam* filed simultaneously herewith, we reject Woolf's argument that he has a disability within the meaning of the ADA because his migraine condition substantially limited his major life activity of working. We now address the remainder of his arguments and conclude that the District Court properly granted summary judgment in favor of Bloomberg.

We review the District Court's "grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences" in Woolf's favor and will affirm the judgment "only if there is no genuine dispute as to any material fact and . . . [Woolf] is entitled to judgment as a matter of law." *Pippins v. KPMG, LLP*, 759 F.3d 235, 239 (2d Cir. 2014) (internal quotation marks and citation omitted). "The district court's judgment may be affirmed on any ground fairly supported by the record." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (internal quotation marks omitted).

## I. Failure-to-Accommodate Claim Under the ADA

Woolf argues on appeal that Bloomberg violated the ADA by failing to accommodate his alleged work-induced disability—serious migraines caused by the stress of working under certain supervisors. To establish a prima facie case under the ADA for failure to provide a reasonable accommodation, Woolf must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) the employer refused to make a reasonable accommodation. *See McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013). Moreover, the ADA defines "disability" to include, among other things, "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Woolf argues that he is disabled within the meaning of the ADA because his migraine condition substantially limited his major life activities of seeing, speaking, and concentrating. Notably, Woolf's limited references to having "suffered loss of vision" and "language difficulties" during some migraine episodes are invariably framed in terms of Woolf's inability to work in his particular job as a result of the work-related stress caused by his supervisors. App'x at 573; *see also id.* at 344–45. In that regard, Woolf's contention appears to be duplicative of the claim rejected in the opinion filed simultaneously herewith.

Even assuming, for the sake of argument only, that Woolf has a disability within the meaning of the ADA because his migraines substantially limit his vision, speech, and concentration, Woolf "fail[s] to identify a suitable position" that was open, that he was qualified for, and "to which [he] could have been transferred." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96–97 (2d Cir. 2009) (stating that an employee "bears the burdens of both production and persuasion as to the existence of some accommodation . . . including the existence of a vacant position for which she is qualified"). Accordingly, we hold that no rational factfinder could conclude that Woolf carried his burden to make a prima facie case under the ADA.

## II. Retaliation Claims Under the ADA, FMLA, and Title VII

Woolf also argues that Bloomberg retaliated against him for engaging in protected activity under the ADA, FMLA, and Title VII. To make out a prima facie case of retaliation under these statutes, a plaintiff "must show that: (1) he engaged in an activity protected by the[se statutes]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted). If a plaintiff meets this initial burden, the burden shifts to the employer "to articulate a legitimate, non-retaliatory reason for the challenged employment decision." *Id.* at 721. If the "defendant meets this burden, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude

that the employer's explanation is merely a pretext for impermissible retaliation." *Id.* (internal quotation marks and citation omitted).

Upon *de novo* review of the record on appeal and upon consideration of the arguments advanced by the parties, we affirm the holding of the District Court dismissing Woolf's retaliation claims, substantially for the reasons set forth in its thorough March 5, 2019 Opinion and Order. *See See Woolf v. Bloomberg L.P.*, No. 16-cv-6953 (PKC), 2019 WL 1046656, at *13–*17, *19–*20 (S.D.N.Y. Mar. 5, 2019). Specifically, we agree with the District Court that even if Woolf could make out a prima facie case of retaliation, Woolf failed to produce evidence demonstrating that Bloomberg's professed non-retaliatory reason for his dismissal and any other adverse employment action, *i.e.*, Woolf's lengthy history of performance deficiencies, was pretextual. *See id.* at *16–*17, *19–*20. "[I]n this case the adverse employment actions were both part, and the ultimate product, of an extensive period of progressive discipline which began" before Woolf engaged in any protected activity, such as making requests for reasonable accommodation and for FMLA leave and his letter to the Equal Employment Opportunity Commission. *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (internal quotation marks omitted) ("Where timing is the only basis for a claim of retaliation and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

### III.    Interference Claim Under the FMLA

Lastly, Woolf contends that Bloomberg violated the FMLA by interfering with his right to take leave under that statute. To prevail on this claim, "a plaintiff must establish that (1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016) (internal quotation marks and citation omitted). Similarly, "[i]f the plaintiff makes out a prima facie case, the defendant must demonstrate a legitimate, non-discriminatory reason for its actions; if the defendant does so, the plaintiff must then show that defendant's proffered explanation is pretextual." *Id.* (citation omitted).

There is no question that *all* of Woolf's requests for leave were granted. More critically, Woolf failed to produce any evidence that his supervisors dissuaded him from taking any leave or penalized him for doing so. To the contrary, as the District Court noted, Woolf's direct supervisors encouraged him to take medical leave to manage his migraines and other health problems. *See Woolf*, 2019 WL 1046656 at *18. To the extent that Woolf's interference claim relates to his firing on the day that his third request for leave was granted, that claim is duplicative of his FMLA-retaliation claim and lacks merit for the reasons stated above.

4

## CONCLUSION

We have reviewed all of the remaining arguments raised by Woolf on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 8, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court